IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY LAMAR PINKARD, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-746-MEF |
| ) | WO |
| ) | |
| RANDOLPH COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, Tony Lamar Pinkard, Sr. ["Pinkard"], challenges the conditions of confinement to which he is subjected in the Randolph County Jail. Pinkard seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that Pinkard's claims against the Randolph County Jail, Randolph County Commissioners and Judge W. Patrick Whaley should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## A. The Randolph County Jail

The plaintiff names the Randolph County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Randolph County Jail are due to be dismissed. *Id.*

## B. The County Commissioners

County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, the plaintiff's claims against the commissioners of Randolph County are subject to summary dismissal upon application of the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## C. Judge W. Patrick Whaley

Pinkard lists W. Patrick Whaley, the district judge for Randolph County, Alabama, as a defendant in this cause of action. It appears that the plaintiff seeks relief from adverse

actions taken by Judge Whaley during state court proceedings.

    (i)  <u>The Request for Monetary Damages</u>.  Any allegations made by the plaintiff against Judge Whaley would emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, Pinkard's claims for monetary damages against Judge W. Patrick Whaley are "based on an indisputably meritless legal theory" and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

    (ii)  <u>The Request for Declaratory Relief</u>.  To the extent that Pinkard seeks declaratory relief for adverse actions taken against him by Judge Whaley in state proceedings over which this defendant presided or is currently presiding, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v.*

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

*Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). In light of the foregoing, dismissal of Pinkard's claims for declaratory relief against Judge W. Patrick Whaley is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

(iii) <u>Respondeat Superior</u>. To the extent Pinkard asserts that Judge Whaley is liable for the actions of jail officials in their operation of the Randolph County Jail due to his position as a county judge, these claims must likewise fail as a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). The court therefore concludes that the claims against defendant Whaley with respect to conditions of confinement in the Randolph County Jail are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327 (1989). Consequently, such claims are due to be dismissed in

accordance with the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Randolph County Jail, Randolph County Commissioners and Judge W. Patrick Whaley be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The Randolph County Jail, Randolph County Commissioners and Judge W. Patrick Whaley be dismissed as defendants in this cause of action.

3. This case, with respect to the plaintiff's claims against defendants Johnson and Davidson, be referred to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **27 February 2006** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  Done this 13th day of February, 2006.

          /s/ Vanzetta Penn McPherson
          UNITED STATES MAGISTRATE JUDGE